# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL SCOTT, #311-542         *

Petitioner                      *

v                               *        Civil Action No. RDB-10-2933

STATE OF MARYLAND               *

Respondent                      *
                              ***

## MEMORANDUM OPINION

Before the Court is a 28 U.S.C. §2254 Petition for Writ of Habeas Corpus filed pro se by Michael Scott, an inmate at the Western Correctional Institution, challenging his 2002 conviction entered in the Circuit Court for Prince George's County for second-degree murder and a related handgun offense. Counsel for Respondent moves to dismiss the Petition as time-barred. The Court provided Scott an opportunity to respond, and he has not done so. After careful review of the pleadings, exhibits, and applicable law, the Court will dismiss the Petition as time-barred.

## PROCEDURAL BACKGROUND

On October 8, 2002, Scott entered a guilty plea in the Circuit Court for Prince George's County to second-degree murder and one handgun offense. On December 2, 2002, Scott was sentenced to serve an executed term of 25 years imprisonment. Scott filed a petition for post-conviction relief in the Circuit Court for Prince George's County on December 13, 2004. On June 7, 2006, the Petition was withdrawn at Scott's request. Scott filed a second petition for post-conviction relief on July 10, 2006, which the Circuit Court granted in part and denied in part on August 7, 2008. Scott filed an application for leave to appeal the post-conviction court's adverse

ruling. On March 22, 2010, the Court of Special Appeals of Maryland summarily denied the application for leave to appeal. The mandate issued on April 22, 2010.

The instant petition for federal habeas corpus relief is signed and dated October 9, 2010, and was received for filing by the Clerk on October 18, 2010. For the purpose of assessing timeliness of the Petition under 28 U.S.C. § 2244(d), it shall be deemed delivered to prison officials on October 9, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

## DISCUSSION

### A. Limitations Period

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[1] The one-year period is tolled while properly filed post-conviction proceedings are pending, and may

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

otherwise be equitably tolled. *See* 28 U.S.C. §2244(d) (2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

Scott's convictions became final for the purpose of running the one-year limitations period on January 2, 2003, when the time for filing leave to appeal expired. *See* Md. Code Ann., Cts. & Jud. Proc. Art § 12-302(e) (2002) (providing that appeal of guilty plea is by way of application for leave to appeal); Md Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought). Accordingly, the limitations period expired on January 2, 2004, because Scott did not file any applications for state post-conviction or other collateral review to toll the one-year limitations period. When Scott filed the instant federal habeas petition on October 9, 2010, the limitations period had long elapsed. As such, the Petition is time-barred unless equitable tolling applies.

**B. Equitable Tolling**

The one-year statute of limitations on § 2254 petitions for federal habeas relief is subject to equitable tolling. *See Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2560 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id.* at 2562. Petitioner presents no facts to support equitable tolling in this case.

## CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of the Petition. 28 U.S.C. § 2253(c) (1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a

---

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell,* 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack,* 529 U.S. at 484 (2000)). Petitioner has not made the requisite showing in these circumstances and a certificate of appeability will not issue

## CONCLUSION

The Petition will be denied and dismissed as time-barred by separate Order.

January 24, 2011
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4